IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSEPH PATRICK
PACHECO,
                        Plaintiff,

           v.                          CASE NO.  07-3172-SAC

JANET THIESSEN,
et al.,

                   Defendants.

### O R D E R

     This civil rights complaint, 42 U.S.C. 1983, was filed by an
inmate of the Johnson County Jail, Olathe, Kansas.   Named as
defendants are Janet Thiessen, Chief of Police, Olathe Police
Department (OPD); Charles Porter, OPD police officer; Officer
Campbell, OPD police officer; Detective Richardson, OPD; Bud
Morrison, Johnson County District Attorney; Erica Schoenig,
Assistant District Attorney.

     Plaintiff complains of events occurring in connection with his
arrest on July 4, 2005, after being aroused from sleeping in his car
by defendants Porter and Campbell, and the ensuing state
prosecution.  He claims his Fourth and Fifth Amendment rights were
violated by the "stop" and arrest without probable cause, an illegal
search and seizure, and his not being advised of his rights.   He
further claims that defendant Detective Richardson repeatedly
contacted him in the days following his arrest, improperly
interrogated him, and attempted to pressure him to work as a drug
informant.  Plaintiff also claims his Sixth Amendment rights were
violated by defendant Schoenig's failure to timely disclose evidence
of a exculpatory patrol videotape.  He finally claims his Fourteenth

Amendment due process and equal protection rights were violated by defendants' actions on July 4, 2005.  He states defendant Thiessen and defendant Morrison are liable for the conduct of the other defendants because they are their supervisors.

Plaintiff seeks money damages for lost wages, two years of incarceration, illegal arrest and detention, mental stress, and pain and suffering, as well as punitive damages.

The actions of which plaintiff complains occurred in connection with his criminal prosecution on four counts of drug offenses in Johnson County, Kansas, in Case No. 05-CR-1872.  Plaintiff attaches to his pleading an "Order of Dismissal" entered in the state criminal case on January 18, 2007, dismissing the complaint filed against him without prejudice.

## ASSESSMENT OF PART FEE

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $21.99 and the average monthly balance is $7.73.  The court therefore assesses an initial partial filing fee of $4.00, twenty percent of the average

monthly balance, rounded to the lower half dollar[1].  Plaintiff is required to submit this fee before this action may proceed further.

## SCREENING

Because Mr. Pacheco is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed in part and as against some defendants for the following reasons.

## FAILURE TO ALLEGE PERSONAL PARTICIPATION

Plaintiff does not allege any personal participation in the acts of which he complains by defendants Thiessen and Morrison.  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of his or her supervisory capacity.  Plaintiff will be given time to allege facts indicating personal participation by these two defendants, or this action shall be dismissed as against defendants Thiessen and Morrison.

## IMMUNITY

Defendants Morrison and Schoenig are immune from suit for money

---

[1]

Pursuant to 28 U.S.C. §1915(b)(1), plaintiff will remain obligated to pay the full $350.00 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

damages for actions taken within their official capacities as prosecuting attorneys.  Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his or her role as an advocate for the State, are entitled to the protections of absolute prosecutorial immunity.  Plaintiff will be given time to show cause why this action should not be dismissed as against these two defendants due to their immunity.

**FAILURE TO STATE A CLAIM**

Plaintiff's claim that his equal protection rights[2] were violated by defendants' actions on July 4, 2005, is not supported by factual allegations.  He does not allege that he belonged to any specific protected class or was treated differently from any other class of people, as required to state an equal protection claim under the Fourteenth Amendment.  Plaintiff will be given time to state additional factual allegations in support of this claim.

If plaintiff fails to respond to this order as directed above within the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 4.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

---

[2]

4

**IT IS FURTHER ORDERED** that plaintiff, within the same thirty (30) days, must show cause why defendants Thiessen, Morrison, and Schoenig, and his equal protection claim should not be dismissed from this action for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 13th day of July, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge